1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   GREGORY D. GRANT,

11              Plaintiff,                No. 2:07-cv-2700-JAM-JFM (PC)

12       vs.

13   GOVERNOR ARNOLD
     SCHWARZENEGGER, et al.,
14
                Defendants.              FINDINGS & RECOMMENDATIONS
15   _____/

16              Plaintiff is a civil detainee confined at Coalinga State Hospital (Coalinga) under

17   California's Sexually Violent Predators Act proceeding pro se and in forma pauperis with a civil

18   rights action pursuant to 42 U.S.C. § 1983.  This matter is before the court on defendants' motion

19   to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendants contend that (1) this action is barred

20   by the applicable statute of limitations; (2) plaintiff has failed to state a cognizable claim for

21   violation of his rights under the substantive due process clause; (3) plaintiff has failed to allege

22   the personal involvement of three of the named defendants in the events complained of; (4)

23   defendants are entitled to qualified immunity; (5) plaintiff's request for prospective relief from

24   the Department of Mental Health, not a party herein, is barred by sovereign immunity; and (6)

25   this action is moot.

26   /////

                                                   1

## STANDARDS FOR A MOTION TO DISMISS

Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quoting Bell Atlantic at 554, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's complaint, filed December 14, 2007, contains the following allegations. Plaintiff was committed to Atascadero State Hospital (Atascadero) in September 1998 under the Sexually Violent Predators Act.  Shortly after he was admitted to Atascadero, he met with a clinician who put plaintiff on an antiandrogen medication, Depo-Provera[1] as a form of chemical castration to treat plaintiff's recurrent sexual fantasies.  Plaintiff was maintained on Depo-Provera until 2004.  In 2004, defendant Dr. Gabriella Paladino took plaintiff off Depo-Provera, ostensibly because plaintiff had developed osteoperosis.  Although there were medications available for osteoperosis that would have allowed plaintiff to continue the Depo-Provera, he was not offered any such medication, nor was he offered a different antiandrogen medication or surgical castration.

---

[1]  The medication is referred to in the complaint as "Depro Provera".

2

1    After he was taken off the Depo-Provera, his sexual fantasies returned, causing

2  plaintiff significant emotional stress.  Ultimately, plaintiff's attorney agreed to loan plaintiff the

3  money for surgical castration, an orchiectomy.  His attorney loaned plaintiff six thousand nine

4  hundred dollars for the surgery, which was performed in September 2005.  The surgery was a

5  complete success.

6    Approximately 15 out of 850 men at Atascadero had the surgery and all but two

7  have been released by the courts.  Five of six men released by Atascadero or the Department of

8  Mental Health have had the surgery or are on medication.

9    Plaintiff claims that the termination of the Depo-Provera combined with the

10 refusal to provide him with alternative treatment, particularly surgical castration, constituted

11 deliberate indifference to his health and safety.  He seeks compensatory and punitive damages

12 and injunctive relief in the form of an order requiring the Department of Mental Health and the

13 State of California to allow voluntary orchiectomies for all men who elect the surgery, with the

14 costs of the surgery paid for by the Department of Mental Health.

15                    DEFENDANTS' MOTION

16 I.  Statute of Limitations

17    Defendants' first contention is that this action is barred by the applicable statute of

18 limitations.  California law determines the applicable statute of limitations in this § 1983 action.

19 See Wilson v. Garcia, 471 U.S. 261 (1985).  The applicable state limitations period is two years.

20 See Cal. Code Civ. Proc. § 335.1; see also Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004).

21 Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period

22 begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998).  Under

23 federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the

24 injury which is the basis of the action.'"  Id. (citations omitted).

25 /////

26 /////

3

1    Plaintiff's claim accrued, at the latest, in September 2005, when he underwent the

2  surgical procedure paid for by the loan from his attorney.[2]  This action was not filed until at least

3  November 9, 2007, the date on which plaintiff signed his complaint.  See Jones, at 926-27

4  ("prisoner mailbox rule" of Fed. R. Civ. P. 4(c) applies to civil detainees).  Thus, unless plaintiff

5  is entitled to tolling of the limitation period, this action is time-barred.

6    As a civil detainee, plaintiff is not entitled to statutory tolling under the provisions

7  of California Civil Procedure Code § 352.1.  See Jones, at 927.  In Jones, the United States Court

8  of Appeals for the Ninth Circuit held that, while California's statutory tolling for prison inmates

9  does not extend to civil detainees, "California's equitable tolling doctrine operates to toll a

10  statute of limitations for a claim asserted by a continuously confined civil detainee who has

11  pursued his claim in good faith."  Id. at 928.

12    Defendants contend that the rule announced in Jones does not apply to plaintiff

13  because plaintiff has not shown that his conditions of confinement were in any way similar to

14  those of the plaintiff in Jones and, therefore, has not shown that he pursued his claims in good

15  faith.

16    "Because the applicability of the equitable tolling doctrine often
depends on matters outside the pleadings, it 'is not generally
17    amenable to resolution on a Rule 12(b)(6) motion.' " Supermail
Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir.1995)
18    (quoting Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th
Cir.1993)). Therefore, "a complaint cannot be dismissed unless it
19    appears beyond doubt that the plaintiff can prove no set of facts
that would establish the timeliness of the claim." Id. at 1207 (citing
20    Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980)).

21  Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir. 1998).  In his opposition, which is

22  signed under penalty of perjury, plaintiff states that while housed at Atascadero he was housed in

23  /////

24  _____

25    [2]  Plaintiff's claim concerning the termination of Depo-Provera treatment may have
accrued at some time in 2004, after he was taken off the medication and began to experience
recurrent symptoms.  The distinction is not material to disposition of the instant motion, which
26  turns, instead, on whether plaintiff is entitled to equitable tolling of the limitation period.

1  the same area and under identical conditions as individuals housed at Atascadero on criminal

2  commitments.  Plaintiff's Opposition, filed May 6, 2009, at 1-2.[3]

3          Resolution of whether plaintiff is entitled to equitable tolling is dependent on

4  matters outside the scope of the pleadings, and the representations in plaintiff's opposition

5  suggest that he may be able to demonstrate entitlement to equitable tolling.  For that reason,

6  defendants' contention that this action is time-barred is not properly resolved on this motion to

7  dismiss.

8  II.  Failure to State a Claim

9          Defendants' second contention is that plaintiff has failed to state a cognizable

10 claim for violation of his rights under the substantive due process clause.  Relying on a standard

11 set forth Youngberg v. Romeo, 457 U.S. 307 (1982), defendants contend that plaintiff's

12 allegations are no more than a disagreement with the professional judgment of his treating

13 physicians and, therefore, cannot provide the basis for a cognizable violation of plaintiff's

14 constitutional right to adequate medical care.[4]

15         Defendants' argument misses the mark.  Civilly committed individuals have a

16 constitutional right to "access to mental health treatment that gives them a realistic opportunity to

17 be cured and released."  Sharp v. Weston, 233 F.3d 1166, 1172 (9th Cir.2000).  Plaintiff alleges

18 that he was neither given medications to counteract the side effects of Depo-Provera so that he

19 could continue that medication, nor provided with any other treatment for his mental disorder

20 after he was taken off Depo-Provera.  Thus, the gravamen of plaintiff's claim is that the acts and

21 omissions of defendants that are alleged in the complaint violated his constitutional right to

22

23     [3] Plaintiff was housed at Coalinga in November 2007 when he filed this action.
   However, the record does not reflect when plaintiff was transferred from Atascadero to Coalinga,
24 nor does it contain any evidence of the conditions of his confinement at Coalinga.

25     [4] As a civil detainee, plaintiff's constitutional right to medical care is governed by the
   provisions of the substantive due process clause.  See, e.g., Conn v. City of Reno, __ F.3d __,
26 2010 WL 48649 (9th Cir. Jan. 8, 2010), slip op. at 11 (pretrial detainees).

1    access to mental health treatment that gave him a realistic opportunity to be cured of his mental

2    illness and released.  The allegations of the complaint are sufficient to state a cognizable claim

3    for violation of this constitutional right.

4              The allegations of the complaint are also sufficient to state a cognizable claim for

5    violation of plaintiff's substantive due process right to adequate medical care.  Plaintiff alleges

6    that he was left without any treatment for his sexual fantasies, which recurred when he was taken

7    off the Depo-Provera and caused him great suffering.  Plaintiff also alleges that there were

8    treatment options available.  Under the circumstances, plaintiff has alleged a cognizable claim for

9    deliberate indifference to a serious medical need, the Eighth Amendment standard that is the

10   "minimum" standard for all individuals detained by the state, see Conn, slip op. at 11; as a civil

11   detainee, plaintiff was entitled to at least this minimum standard of care.  See id.

12   III.  Failure to Allege Personal Involvement of Three Defendants

13             Defendants Schwarzenegger, Mayberg and DeMorales[5] seek dismissal on the

14   ground that there is no allegation of their personal involvement in any of the events complained

15   of.  These defendants are, respectively, the Governor of California, the Director of the

16   Department of Mental Health, and the Director of Atascadero.  Liability based on a theory of

17   respondeat superior is not cognizable in a § 1983 action.  See Fayle v. Stapley, 607 F.2d 858, 862

18   (9th Cir. 1979);  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

19   941 (1979).  Liability may be imposed on a supervisor under section 1983 only if (1) the

20   supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor

21   knew of the violations and failed to act to prevent them or (3) the supervisor implemented a

22   policy'" so deficient that the policy itself "is a repudiation of constitutional rights" and is "the

23   moving force of the constitutional violation."'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir.

24   1989); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

25

26            [5]  Identified in the complaint as John D. Moralis.

1    Plaintiff alleges that the Department of Mental Health refuses to allow or pay for

2  the surgical procedure, despite California Penal Code § 645(e) which requires certain convicted

3  sex offenders to undergo chemical treatment prior to and while on parole but exempts from this

4  requirement individuals who "voluntarily undergo[] a permanent, surgical alternative to

5  hormonal chemical treatment for sex offenders." These allegations are sufficient to implicate

6  defendants Mayberg and DeMorales in the existence of a policy that may have contributed to the

7  events complained of. Accordingly, defendants' motion to dismiss should be denied as to

8  defendants Mayberg and DeMorales.

9    The allegations against the Governor's Office, however, are insufficient to

10  implicate that office, or defendant Schwarzenegger, in the alleged policy. Accordingly, the court

11  will recommend that defendants' motion to dismiss be granted as to defendant Schwarzenegger.

12  IV.  Qualified Immunity

13    Defendants contend that they are entitled to qualified immunity from damages.

14  "[G]overnment officials performing discretionary functions[] generally are shielded from liability

15  for civil damages insofar as their conduct does not violate clearly established statutory or

16  constitutional rights." Harlow v. Fitzgerald, 457 U.S. 800, 818 & n. 30 (1982) (clarifying in note

17  that rule applicable to actions brought directly under constitution against federal officials also

18  applicable to state officials sued under section 1983). The court is required to address two issues

19  sequentially when determining whether governmental officials are entitled to qualified immunity:

20  (1)  whether, taken in the light most favorable to the plaintiff, the facts show defendant's conduct

21  violated a constitutional right; and (2) whether that right was clearly established. Saucier v.

22  Katz, 533 U.S. 194, 201 (2001). In determining whether the right in question was clearly

23  established the court must address "whether it would be clear to a reasonable officer that the

24  conduct was unlawful in the situation he confronted." Id. at 202.

25    For the reasons set forth in section II, supra, taken in the light most favorable to

26  the plaintiff, the facts alleged state a cognizable claim for violation of one or more of plaintiff's

1   constitutional rights.  Moreover, those rights were clearly established at all times relevant to this

2   action.  Defendants are not entitled to dismissal on the grounds of qualified immunity.[6]

3   V.  Request for Injunctive Relief

4                   Defendants' fifth claim is that plaintiff's request for prospective relief from the

5   Department of Mental Health, not a party herein, is barred by sovereign immunity.  Plaintiff

6   seeks injunctive relief in the form of an order requiring the state to pay for orchiectomy surgery

7   for all civil detainees who voluntarily elect to undergo the procedure.  Plaintiff, however, is a

8   non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily

9   represent the interests of a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).

10  This rule becomes almost absolute when, as here, the putative class representative is incarcerated

11  and proceeding pro se.  Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct

12  terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by

13  Rule 23(a)(4) of the Federal Rules of Civil Procedure.  See Martin v. Middendorf, 420 F. Supp.

14  779 (D.D.C. 1976).  This action is not proceeding as a class action but instead is an individual

15  civil suit brought by plaintiff.  Plaintiff cannot seek injunctive relief on behalf of other

16  individuals.  For that reason, plaintiff's prayer for injunctive relief should be dismissed.

17  VI.  Mootness

18                  Defendants' final contention is that this action is moot because there is no relief

19  that can be awarded to plaintiff in this action.  While defendants are correct that plaintiff's prayer

20  for injunctive relief must be dismissed, plaintiff also seeks compensatory and punitive damages.

21  For the reasons set forth in section IV, supra, defendants have not shown that they are entitled to

22  qualified immunity from damages, nor does the Eleventh Amendment preclude an award of

23  /////

---

25  [6]  Defendants frame the issue as whether plaintiff was entitled to a particular treatment.
    See Motion to Dismiss, filed April 28, 2009, at 10.  Again, this misses the mark.  While plaintiff
    highlights treatment options that were available, his claim is grounded in the failure to provide
26  him with any adequate treatment once the Depo-Provera was discontinued.

1  money damages against defendants in their individual capacities.  This action should not be

2  dismissed as moot.

3           For all of the foregoing reasons, IT IS HEREBY RECOMMENDED that:

4           1.  Defendants' April 28, 2009 motion to dismiss be granted as to defendant

5  Schwarzenegger and as to plaintiff's prayer for injunctive relief and denied in all other respects;

6  and

7           2.  Defendants Mayberg, DeMorales and Paladino be directed to answer the

8  complaint within ten days from the date of any order by the district court adopting these findings

9  and recommendations.

10          These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12  days after being served with these findings and recommendations, any party may file written

13  objections with the court and serve a copy on all parties.  Such a document should be captioned

14  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

15  objections shall be filed and served within fourteen days after service of the objections.  The

16  parties are advised that failure to file objections within the specified time may waive the right to

17  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

18  DATED: February 9, 2010.

19

20                                              UNITED STATES MAGISTRATE JUDGE

21

22  12

23  gran2700.mtd

24

25

26

9