1  EDMUND G. BROWN JR.
   Attorney General of California
2  PAUL REYNAGA, State Bar No. 72361
   Supervising Deputy Attorney General
3  ELIZABETH A. LINTON, State Bar No. 231619
   Deputy Attorney General
4    1300 I Street, Suite 125
     P.O. Box 944255
5    Sacramento, CA 94244-2550
     Telephone:  (916) 323-8549
6    Fax:  (916) 324-4567
     E-mail: Elizabeth.Linton@doj.ca.gov
7  *Attorneys for Defendants*

8

9              IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  **GREGORY D. GRANT,** | 07-CV-2700-JAM-JFM |
| 14                                    Plaintiff, | **STIPULATION AND ORDER AMENDING THE COURT'S** |
| 15        **v.** | **SCHEDULING ORDER** |
| 16  **SCHWARZENEGGER, ET AL.,** | |
| 17                                    Defendant. | Action Filed:  Dec. 14, 2007 |
| 18 | |

19

20        The parties hereby stipulate through their attorneys to extend the dates of the Court's

21  scheduling order and respectfully request that the Court order the amendments to the scheduling

22  order set forth herein.  An amendment to the scheduling order is necessary because the parties

23  have been unable to obtain necessary discovery documents from Santa Cruz Superior Court

24  despite extensive efforts to do so, and they will not be able to obtain the documents before the

25  close of discovery on November 5, 2010.

26        This action was filed in pro per.  The Court ordered counsel appointed on May 19, 2010,

27  through the Eastern District's Pro Bono Panel.  (Dkt. # 34.)  The attorneys met and conferred

28  shortly thereafter and determined that they would not be able to complete discovery before the

                                             1

1  July 2, 2010 deadline given the recent appointment of Plaintiff's counsel.  They stipulated to

2  amending the Court's scheduling order, and the Court so ordered the change on June 8, 2010.

3  (Dkt. ## 35-36.)  The parties then diligently pursued the case: Plaintiff's counsel travelled to

4  Coalinga to meet with his client; the parties discussed settlement; and they obtained nearly 9,000

5  pages of records from Atascadero State Hospital (ASH) and Coalinga State Hospital (CSH).

6  Upon review of the ASH and CSH records, it became apparent that the parties would also need to

7  obtain relevant records from Santa Cruz Superior Court since those documents were not

8  contained within the hospitals' records.  The parties contacted Santa Cruz Superior Court on

9  September 23, 2010, to request the documents.  They were told that the superior court would need

10  to obtain the documents from archives.  On October 1, 2010, this Court granted the parties'

11  stipulation to bifurcate discovery, limiting it to the statute of limitations issues, and to extend

12  discovery by five weeks.  (Dkt. # 38.)

13       Despite efforts to timely obtain the documents from Santa Cruz, the parties are just now

14  receiving them.  When, on October 18, 2010, Santa Cruz Superior Court informed the parties that

15  it would be unable to copy the documents for another month, the parties agreed to split the costs

16  of a vendor, so that they could more expeditiously obtain the documents.  The vendor copied the

17  documents on October 25, 2010.  Defendants just received a copy of the documents on October

18  27, 2010.  They then Bates stamped the documents and sent them to Plaintiff on October 29,

19  2010.  Thus, Plaintiff should receive a copy within the next couple of days.  However, the parties

20  just learned on October 25, 2010, that there are apparently hundreds of pages of documents that

21  are under seal in the Santa Cruz Superior Court records.  Should the parties determine that any of

22  those documents are necessary to this litigation, they must seek a court order to obtain the

23  documents.  In addition, there are at least 18 different transcripts that may be relevant to this

24  litigation that the parties must order separately.  In order to determine if either the transcripts or

25  sealed documents are necessary for this litigation, the parties must first review the documents

26  from the Santa Cruz Superior Court.

27

28

In addition, the parties have noticed the deposition of Gregory Grant.  Per this Court's prior order, Mr. Grant's deposition will not be limited to the statute of limitations issues.  Therefore, it is necessary to have the Santa Cruz Superior Court documents prior to his deposition.

For all of these reasons, the parties request a two month extension of the schedule previously ordered by the Court.  They believe that two months will provide sufficient time to seek a court order for the production of sealed documents and to order the transcripts if necessary.

Accordingly, the parties stipulate to the following changes to the Court's scheduling order:

| Event | Current Deadline | Proposed Deadline |
|-------|-----------------|-------------------|
| Factual Discovery & Factual Discovery Motions Cut-Off | November 5, 2010 – limited to statute of limitations issues; all other factual discovery stayed, with the exception of Gregory Grant's deposition. | January 14, 2011 - limited to statute of limitations issues; all other factual discovery stayed, with the exception of Gregory Grant's deposition. |
| Expert Designations & Reports | stayed | stayed |
| Rebuttal Designations & Reports | stayed | stayed |
| Expert Discovery Cut-Off | stayed | stayed |
| Pre-Trial Motion Cut-Off | December 3, 2010 (for MSJ on statute of limitations and other legal issues) | February 18, 2011 (for MSJ on statute of limitations and other legal issues) |

Consistent with the Court's original scheduling order, pretrial conference and trial dates will be set, as appropriate, following adjudication of any dispositive motions or upon the expiration of time for filing such motions.

IT IS SO STIPULATED

///

///

///

3

1    Dated:  October 29, 2010                    EDMUND G. BROWN JR.
                                                 Attorney General of California
2                                                PAUL REYNAGA
                                                 Supervising Deputy Attorney General
3

4
                                                    ___/s/ Elizabeth Linton_____
5                                                ELIZABETH A. LINTON
                                                 Deputy Attorney General
6                                                *Attorneys for Defendants*

7
     Dated:  October 29, 2010
8

9                                                   /s/ Joe Ramsey, Esq.
                                                    (as authorized on 10/29/2010)_____
10                                               JOE RAMSEY, ESQ.
                                                 *Attorney for Grant Gregory*
11

12

13           IT IS SO ORDERED
14
     Dated:  November 2, 2010
15
                                                    /s/ John F. Moulds___
16                                               John F. Moulds
                                                 U.S. Magistrate Judge
17

18

19

20
     /gran2700.sch3
21

22

23

24

25

26

27

28

Stipulation & Order Amending the Court's Scheduling Order  (07-CV-2700-JAM-JFM)