IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY D. GRANT,

    Plaintiff,                    No. 2:07-CV-2700 KJM JFM (PC)

   vs.

GOVERNOR JERRY BROWN[1], et al.,

    Defendants.            <u>ORDER</u>

        Plaintiff, a state prisoner proceeding through counsel, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On June 29, 2011, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. Timely objections to the findings and recommendations have been filed.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the file,

---

[1] The current Governor is substituted for the previously-named prior Governor. FED. R. CIV. P. 25(d).

1

the court finds the findings and recommendations to be supported by the record and by proper analysis, with the sole exception of the legal analysis of the issue of collateral estoppel. That portion of the findings and recommendations, appearing at page 12, line 12 to page 13, line 18, is modified as follows:

A federal court looks to state law when determining the preclusive effect of a prior state court adjudication. *Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997). Under California law, the doctrine of collateral estoppel precludes a party from relitigating an issue previously decided if: (1) the issue is identical to that decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision was final and on the merits; and (5) preclusion is sought against a person who was a party or in privity with a party in the prior proceeding. *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990). An issue is identical when "'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id*. at 342. When evaluating each criteria, "courts look carefully at the entire record from the prior proceeding, including the pleadings, the evidence, the jury instructions, and any special jury findings or verdicts." *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009).

Defendant argues the claim is precluded because their obligation to pay for plaintiff's surgery was actually and necessarily decided in the Santa Cruz Superior Court. This argument, however, misstates plaintiff's claim. In the prior action, plaintiff was taking the Depo Provera (DP) medication at the time he filed his lawsuit and was requesting to proceed with a perceived permanent solution by having the orchiectomy paid for by the county. The superior court evaluated the "medical necessity" of the procedure and determined that the plaintiff could have the orchiectomy, but "at no cost to the County of Santa Cruz or the State of California." After the superior court decision, plaintiff was taken off of DP; there is a dispute over whether or not he was promised some other chemical alternative soon thereafter.

/////

the court finds the findings and recommendations to be supported by the record and by proper analysis, with the sole exception of the legal analysis of the issue of collateral estoppel. That portion of the findings and recommendations, appearing at page 12, line 12 to page 13, line 18, is modified as follows:

A federal court looks to state law when determining the preclusive effect of a prior state court adjudication. *Jones v. Bates*, 127 F.3d 839, 848 (9th Cir. 1997). Under California law, the doctrine of collateral estoppel precludes a party from relitigating an issue previously decided if: (1) the issue is identical to that decided in a prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the issue was necessarily decided in the prior proceeding; (4) the decision was final and on the merits; and (5) preclusion is sought against a person who was a party or in privity with a party in the prior proceeding. *Lucido v. Superior Ct.*, 51 Cal. 3d 335, 341 (1990). An issue is identical when "'identical factual allegations' are at stake in the two proceedings, not whether the ultimate issues or dispositions are the same." *Id*. at 342. When evaluating each criteria, "courts look carefully at the entire record from the prior proceeding, including the pleadings, the evidence, the jury instructions, and any special jury findings or verdicts." *Hernandez v. City of Pomona*, 46 Cal. 4th 501, 511 (2009).

Defendant argues the claim is precluded because their obligation to pay for plaintiff's surgery was actually and necessarily decided in the Santa Cruz Superior Court. This argument, however, misstates plaintiff's claim. In the prior action, plaintiff was taking the Depo Provera (DP) medication at the time he filed his lawsuit and was requesting to proceed with a perceived permanent solution by having the orchiectomy paid for by the county. The superior court evaluated the "medical necessity" of the procedure and determined that the plaintiff could have the orchiectomy, but "at no cost to the County of Santa Cruz or the State of California." After the superior court decision, plaintiff was taken off of DP; there is a dispute over whether or not he was promised some other chemical alternative soon thereafter.

/////

1   Whether or not the issue of the County's responsibility for the costs to provide the
2   surgery under these circumstances is the same as the prior action is irrelevant.  The analysis does
3   not turn on whether the "ultimate issues . . . are the same." *Lucido*, 51 Cal. 3d at 341.  Instead,
4   the court must find "identical factual allegations" are at play. *Id*.  Requesting on the one hand
5   that the County pay for an elective surgery while taking the DP in the prior action and now, on
6   the other, claiming the surgery was necessary because the plaintiff was denied the drug are not
7   "identical factual allegations."  Therefore the issue is not precluded.

8   Accordingly, IT IS HEREBY ORDERED that:

9   1.   The findings and recommendations filed June 29, 2011, are adopted as
10  amended by this Order;

11  2.   Defendants' February 18, 2011 motion for summary judgment is denied;
12  and

13  3.   The Clerk of the Court is directed to refer this action back to the
14  magistrate judge for further proceedings.

15  DATED:  September 30, 2011.

_____
UNITED STATES DISTRICT JUDGE